UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Thomas Brandy Foster,   Case No. 5:08-cv-420-Oc-10GRJ

    Petitioner,

v.   **MEMORANDUM AND ORDER**

Secretary, Department of
Corrections, and State of Florida,
Attorney General,

    Respondents.

___

    Petitioner Thomas Brandy Foster is an inmate in the custody of the Florida Department of Corrections.  Foster, proceeding pro se, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court, having considered the Petition and the parties' submissions, concludes that the Petition does not provide a basis for federal habeas corpus relief.

**BACKGROUND**

    Petitioner was charged by Information in Marion County, Florida, with one count of Robbery Using a Weapon and one count of Aggravated Battery with a Deadly Weapon.  (App. A.)  Before trial, Petitioner filed a motion requesting that his court-appointed counsel be dismissed.  (App. D.)  The court briefly questioned Petitioner and his counsel regarding counsel's trial preparation, then refused to dismiss Petitioner's counsel.  (App. E at 4-15.)

    During trial the prosecution introduced into evidence a photo of Petitioner in

prison garb. (Id. at 159.) Petitioner's counsel objected repeatedly but was overruled. (Id. at 159-62.) Also during trial, Petitioner entered the courtroom while shackled at the same time as the jury. (App. E at 170-3.) The court determined that the jury had not seen Petitioner's shackles, but did not voir dire the jury to that effect. (Id.) At the conclusion of trial, the jury returned a verdict of guilty as to the lesser included offense of robbery and to "aggravated battery with a weapon, as charged in the information." (App. B.) Petitioner's counsel did not object to the verdict. Foster was sentenced to two consecutive 15-year terms. (App. C.)

Foster filed a Notice of Appeal. (App. F.) Foster then filed a motion with the trial court to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing both that his designation as a Prison Releasee Reoffender (PRR)[1] as to Count Two had to be set aside because the trial court failed to orally pronounce a PRR sentence as to Count Two and that consecutive PRR sentences for offenses occurring in a single criminal episode were improper. (App. G.) The trial court granted the motion in part on the first ground and struck the PRR designation as to Count Two. (App. H.)

Foster raised three grounds for review on direct appeal: 1) the jury rendered a guilty verdict to a non-existent crime, i.e., aggravated battery with a weapon; 2) Foster was prejudiced by the admission of a photograph of him in jail garb; and 3) the trial court should have asked the jury if it had seen Foster in shackles. (App. I.) On June 19, 2007, the court of appeals affirmed the conviction and sentence. Foster v. State, 959 So.

---

[1] Florida Statute § 775.082(9) provides for enhanced sentencing penalties for defendants that commit crimes within three years of release from the Department of Corrections. Such defendants are designated Prison Releasee Reoffenders.

2d 272 (Fla. Dist. Ct. App. 2007) (per curiam).

On March 19, 2008, Foster filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  (App. N.)  In his motion, Foster raised six grounds for relief, including claims identical to the first five claims in the instant petition. (App. N.)  The trial court denied the motion in two separate orders.  (App. O, R.) Petitioner filed a notice of appeal.  (App. S.)  On July 29, 2008, the appellate court affirmed the trial court's ruling.  Foster v. State, 987 So. 2d 90 (Fla. Dist. Ct. App. 2008) (per curiam).

On March 19, 2008, Foster filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel.  (App. V.)  The court issued an order to show cause to the State to file a response to the petition.  (App. W.)  The State filed its response and on August 14, 2008, the appellate court entered an order denying the petition.  (App. X, Y.) Petitioner then timely filed the instant petition with this Court on September 25, 2008.

**DISCUSSION**

Petitioner raises six grounds for relief: (1) counsel was ineffective for failing to object to the jury's verdict; (2) counsel was ineffective for failing to object to the prosecutor's questions regarding a photograph of Petitioner in prison garb; (3) counsel was ineffective for failing to object to Petitioner being shackled in the jury's presence; (4) Petitioner was denied effective assistance of counsel when, during the pretrial Nelson[2]

---

[2] Nelson v. State, 274 So. 2d 256 (Fla. Dist. Ct. App. 1973).  A Nelson hearing is required when a defendant requests that his appointed counsel be dismissed for incompetence.

hearing, he was not given an opportunity to explain his reason for requesting counsel be dismissed, he was not advised of his right to substitute counsel, and he was not advised of his right to self-representation; (5) Petitioner was denied the effective assistance of counsel by the cumulative effect of counsel's errors and the resulting prejudice; and (6) appellate counsel was ineffective for failing to raise the issue of the trial court's failure to conduct a sufficient Nelson hearing.

**A.    Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). The AEDPA restricts habeas relief to those situations where the state court decision was contrary to or an unreasonable application of Federal law as determined by the Supreme Court of the United States, or was an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).

**B.    Exhaustion Requirement**

A person in custody must exhaust his remedies in state court prior to seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A). The issues presented in the federal petition must first have been presented to the state courts. See Picard v. Connor, 404 U.S. 270, 276 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). Even if not exhausted, however, the Court may

---

The trial court must hold a hearing to determine whether the defendant's complaint has merit, and appoint new counsel if the request is granted.

rule on the merits of the petition: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Therefore, the Court may, and will, exercise its discretion to consider any of Petitioner's unexhausted claims.

**C.     Ineffective Assistance of Trial Counsel**

Petitioner raises five separate claims alleging ineffective assistance of trial counsel. Before he is entitled to relief, Petitioner must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Moreover, during habeas review, the Court's inquiry is into whether the state court's application of the Strickland standard was unreasonable. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). If fairminded jurists could reasonably conclude that the state court's denial of relief was appropriate, denial of habeas relief is also appropriate. Johnson v. Sec'y, Dep't of Corr., 643 F.3d 907, 932 (11th Cir. 2011).

**1.     Claim 1**

Petitioner first claims that counsel was ineffective for failing to object to the jury's verdict. The claim is without merit because there was no reversible error in the jury's verdict. Petitioner thus cannot show that counsel's errors, if any, "actually had an adverse effect on the defense." Strickland, 466 U.S. at 693.

Petitioner argues that he was convicted of a non-existent crime, aggravated battery with a weapon. A battery is an aggravated battery if the perpetrator uses a deadly weapon or knowingly causes great bodily harm. Fla. Stat. § 784.045. Florida law

5

distinguishes between a weapon and a deadly weapon. See Dale v. State, 703 So. 2d 1045, 1047 (Fla. 1997). The jury could not convict Petitioner of aggravated battery by finding that he used a weapon; the jury needed to find he used a deadly weapon. The verdict would be in error if it was unclear from the record whether the jury had found Petitioner guilty based on his use of a weapon or a deadly weapon. Mills v. Maryland, 486 U.S. 367, 376 (1988) ("[T]he jury's verdict must be set aside if it could be supported on one ground but not on another, and the reviewing court was uncertain which of the two grounds was relied upon by the jury in reaching the verdict."). The record demonstrates that the jury found that Petitioner used a deadly weapon.

      The record clearly shows that the jury properly convicted Petitioner of aggravated battery based on his use of a deadly weapon. The written jury form stated that Petitioner was guilty of "aggravated battery with a weapon, as charged in the information." (App. B at 2.) The information charged that Petitioner used a "deadly weapon, to-wit: [a] knife or screwdriver." (App. A.) The trial court properly instructed the jury that to find Petitioner guilty of aggravated battery they must find beyond a reasonable doubt that he used a deadly weapon. (App. E at 244-5.) The court also instructed the jury on the meaning of the term "deadly weapon." (Id.) It is presumed that the jury listened to and obeyed the court's instructions. United States v. Brown, 983 F.2d 201, 203 (11th Cir. 1993). The jury could not have, while obeying the court's instructions, convicted Petitioner of aggravated battery without finding that he had used a deadly weapon. There is no error in the verdict if there is no possibility that the jury rested its verdict on an improper ground. Mills, 486 U.S. at 376. Here, there is no possibility that the verdict

was based on an improper ground, so there is no error. As there was no error, Petitioner could not have been prejudiced by counsel's failure to object. Petitioner's first claim is denied.

### 2. Claim 2

Petitioner argues that counsel was ineffective for not objecting to the line of questioning regarding the photograph showing Petitioner is prison clothes. This claim is not supported by the record. In its ruling on Petitioner's motion for post-conviction relief, the state court found that counsel objected to the prosecution's line of questioning multiple times. (App. O at 2.) The record supports that finding. (App. E at 159-162.) The state court reasonably concluded that counsel's performance was not deficient under the Strickland standard because counsel had objected. Habeas relief will not be granted if the state court's application of the Strickland standard was reasonable. Johnson, 643 F.3d at 932. Claim 2 is denied.

### 3. Claim 3

Petitioner next claims that counsel was ineffective for failing to object to Petitioner being shackled in the presence of the jury. This claim is meritless because Petitioner cannot show he was prejudiced by counsel's failure to object. Petitioner thus fails to meet the second prong of the Strickland test.

The use of shackles, even shackles not visible to the jury, is an extreme measure that should only be used after finding that a particular defendant presents a safety or escape risk. United States v. Brantley, 342 F. App'x 762, 770 (3d Cir. 2009). Here, the court made no finding about the necessity of shackling Petitioner. Had Petitioner raised a

7

claim that the shackling violated his due process rights, the State would have been required to prove "beyond a reasonable doubt that the [shackling] error complained of did not contribute to the verdict obtained." Deck v. Missouri, 544 U.S. 622, 635 (quoting Chapman v. California, 386 U.S. 18, 24 (1967)) (alteration in original). However, Petitioner claims ineffective assistance of counsel for failure to object to the shackling, not a violation of due process. Thus, the burden of showing prejudice remains on Petitioner. Marquard v. Sec'y for Dept. of Corr., 429 F.3d 1278, 1313 (11th Cir. 2005).

Petitioner cannot make this showing. Petitioner claims that he was prejudiced because the jury saw his restraints. The trial court found that the jury did not pay attention to Petitioner when there was a possibility his shackles could be seen. (App. E at 172.) The trial court made efforts to keep the jury from viewing the restraints by placing chairs in front of Petitioner's seat. (App. E at 13.) Petitioner has not presented any evidence that a juror saw his shackles. Petitioner does not base his claim of prejudice on anything other than the possibility that the jury might have seen his shackles. The state court concluded that the jury did not see the shackles and that Petitioner was not prejudiced by his counsel's failure to object. (App. R.) Based on the record, the state court's denial of Petitioner's ineffective assistance of counsel claim was a reasonable application of the Strickland standard. This Court will not overturn reasonable applications of federal law. Johnson, 643 F.3d at 932. Claim 3 is denied.

4. **Claim 4**

Petitioner next claims that he was denied effective assistance of counsel when the trial court failed to perform a proper Nelson inquiry. In Florida, when a defendant

requests his appointed counsel be removed for incompetence, "the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether . . . there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant." Nelson v. State, 274 So.2d 256, 258-59 (Fla. Dist. Ct. App. 1973). Petitioner does not explain how the trial court's allegedly deficient Nelson hearing denied him the effective assistance of counsel, nor does this claim allege any deficiencies in his counsel's performance.

Petitioner received the assistance of counsel throughout his trial. The court's hearing did not deny Petitioner the assistance of counsel; it denied him opportunity to dismiss his appointed counsel and receive new appointed counsel. An indigent defendant is constitutionally entitled to appointed counsel, not the appointed counsel of his choice. Wheat v. United States, 486 U.S. 153, 159 (1988). Absent a claim that counsel's performance was in some way ineffective, there is no basis for habeas review. The sufficiency of the court's Nelson inquiry is an issue of state law. No case has been cited for the proposition that the federal constitution mandates the Nelson procedure, and this Court has found none. Claim 4 is denied.

### 5. Claim 5

The claim of cumulative error is similarly without merit. "The cumulative error doctrine provides that an aggregation of non-reversible errors . . . can yield a denial of the constitutional right to a fair trial, which calls for reversal." United States v. Baker, 432 F.3d 1189, 1223 (11th Cir. 2005) (internal quotation marks omitted). There is no denial of the constitutional right to effective counsel unless Petitioner can show how the errors

of counsel undermined the reliability of the verdict. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984). The Court has not found any prejudice caused by Petitioner's various claims of error. The state court likewise found no merit in the claim of cumulative error. (App. O at 3.) As none of the claimed errors resulted in any prejudice individually, there can be no merit to the argument that the claims combine to create sufficient levels of prejudice to meet the Strickland standard. The state court's application of the Strickland standard was reasonable, and will not be disturbed. Claim 5 is denied on all grounds.

### D.     Ineffective Assistance of Appellate Counsel

A claim of ineffective assistance of appellate counsel is governed by the two-part performance-and-prejudice standard set forth in Strickland. Clark v. Crosby, 335 F.3d 1303, 1310 (11th Cir. 2003). For the prejudice inquiry, it must be determined whether there was a reasonable probability of a different result in the appeal, as opposed to a different result at trial following remand. Id. at 1312 n.9. Where the deficient-performance claim is based on the failure to raise a particular claim on appeal, the Petitioner must meet a high bar. There is no constitutional requirement that appellate counsel raise every non-frivolous issue. Jones v. Barnes, 463 U.S. 745, 754 (1983). Not raising weak arguments is not indicative of ineffective assistance, but rather "is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986). To overcome the presumption of effective assistance, Petitioner must show that the ignored issue was clearly stronger than those actually appealed. Smith v. Robbins, 528 U.S. 259, 288 (2000) (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)).

10

### 1. Claim 6

Petitioner claims that he received ineffective assistance of appellate counsel when appellate counsel did not directly appeal the trial court's failure to conduct an adequate Nelson hearing. The record demonstrates that the state's denial of Petitioner's ineffective assistance of appellate counsel claim was a reasonable application of the Strickland standard.

As discussed, Petitioner moved to dismiss his appointed counsel before trial, and he contends that the court did not conduct an adequate Nelson inquiry to determine if the motion had merit. The trial judge questioned both Petitioner and his counsel regarding counsel's preparation for trial. (App. E at 4-10.) The necessity and sufficiency of such an inquiry is a matter of Florida law. Although the constitutional ineffectiveness of appellate counsel is a question of federal law, when the answer to the question turns on whether counsel should have raised an issue of state law, deference must be given to the state court's decision regarding its own laws. Hargrove v. Solomon, 227 F. App'x 806, 808 (11th Cir. 2007). The state court of appeals denied a claim identical to Claim 6 in Petitioner's state habeas petition. (App. V, Y.) The court of appeals decided that appellate counsel was not ineffective for failing to raise the Nelson claim. Petitioner has provided no authority, and this Court has found none, that supports the proposition that this decision was unreasonable. Habeas relief will not be granted if the state court's application of the Strickland standard was reasonable. Johnson, 643 F.3d at 932. Claim 6 is denied.

**CONCLUSION**

For the foregoing reasons, the Court determines that the Petition for a Writ of Habeas Corpus must be denied. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. This action is **DISMISSED WITH PREJUDICE**; and

3. Because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated: November 9, 2012

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge